SHOOK
HARDY & BACON

Alicia Lipton

1 Rockefeller Plaza
Suite 2801
New York, NY 10020
**t** 212-989-8844
**d** 212.779.6132
**f** 929-501-5455
alipton@shb.com

July 30, 2026

**BY ECF**
Honorable Julien Xavier Neals, U.S.D.J.
United States District Court
District of New Jersey
Martin Luther King Building & U.S. Courthouse
50 Walnut Street
Newark, New Jersey 07102

***Re*: *Bayonne Plant Holding, L.L.C., v. Fermi Equipment Holdco, LLC***
**Civil Action No. 2:26-cv-07904-JXN-JBC**

Dear Judge Neals:

Pursuant to the Court's Individual Rules and Procedures, Rule IV(A), Defendant Fermi Equipment Holdco, LLC ("Fermi") respectfully submits this request for a pre-motion conference regarding Fermi's anticipated motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6).

Plaintiff Bayonne Plant Holding, L.L.C. ("Bayonne") filed suit against Fermi alleging that Fermi breached an Equipment Purchase Agreement and First Amendment relating to Fermi's purchase of six (6) out-of-service turbine power generators from Bayonne's facility that Fermi intended to use as supplemental power for a new facility in Texas. The purchase price was $18 million. The parties' agreements imposed various post-closing obligations on Fermi, including removal of the purchased assets and certain cleanup, repair, and restoration obligations.

Bayonne's Complaint, however, rests on the premise that Fermi was contractually obligated to "restore" Bayonne's facility to its "pre-removal condition" rather than clean up and remove debris. Based on that theory, Bayonne seeks more than $8.4 million in damages, a substantial portion of which is premised on an alleged obligation to restore the facility to its "pre-removal condition," and Daily Charges purportedly accruing while Bayonne performed such restoration work. At this stage, Fermi's anticipated motion is directed only to Bayonne's claim that the contracts required restoration of the facility to its "pre-removal condition" and the associated Daily Charges that allegedly accrued while Bayonne performed such restoration work. Fermi does not presently seek dismissal of Bayonne's other categories of alleged damages. The governing contracts impose no such restoration obligation.

The critical phrase "pre-removal condition" does not appear in either the controlling Equipment Purchase Agreement (the "Agreement") or the First Amendment Rather, the Agreement contains a limited restoration provision in " Section 5.03(c). That provision applies only where

SHOOK HARDY & BACON

Fermi, "with [Bayonne's] prior written consent," makes "temporary modifications to the structure of [Bayonne's] buildings" to access and remove the turbine generators. In that circumstance, Fermi must restore the affected buildings to their condition prior to the modification. Thus, the Agreement therefore requires restoration to the condition existing before an approved temporary modification, not restoration of the facility to its condition before removal of the purchased equipment. Section 5.03(c) demands a detailed and exclusive process governing such "temporary modifications" and any resulting restoration obligations.

Importantly, the First Amendment did not create any broader restoration obligation. Instead, amended Section 5.03(d) expressly refers only to "the restoration work required by Section 5.03(c)." Likewise, the defined "Seller's Completion Rights" created by the First Amendment authorize Bayonne to perform restoration only "as required by Section 5.03(c)." Thus, any claim for restoration-related damages and continuing Daily Charges necessarily depends upon allegations sufficient to invoke Section 5.03(c)'s limited restoration provisions.

The "restoration" obligation under 5.03(c) has five prerequisites before a restoration damage claim can arise:

1. a written modification request;
2. a description of the proposed modifications;
3. a good faith "Estimated Restoration Cost";
4. Seller's written consent; and
5. a "Restoration Deposit" posted with Seller, against which Seller may perform the restoration work itself if Buyer fails to complete it.

The Complaint does not allege that any of these contractual prerequisites occurred, nor does it allege facts from which their occurrence could reasonably be inferred. Instead, Bayonne seeks $8,457,652.47 in damages based on the following core allegations:

- Fermi was obligated to "restor[e] Bayonne's buildings to their **pre-removal condition**" (Compl. ¶7, *emphasis added*);
- Fermi "failed to restore Bayonne's buildings" pursuant to this obligation (*id*., at ¶36);
- that extensive punch-list items constituted outstanding "restoration" obligations (*id*., at ¶¶39–41); and
- Bayonne itself performed "restoration and remediation work" after Fermi departed in early January 2026 (*id*., at ¶¶42–43, 57(d)).

The Complaint contains no allegation that Fermi requested, or that Bayonne consented in writing to, any temporary modification to the structure of Bayonne's buildings pursuant to Section 5.03(c). There is no allegation that any description of proposed modifications or Estimated

SHOOK HARDY & BACON

Restoration Cost was prepared or exchanged. The Complaint does not include an allegation that any Restoration Deposit was requested, posted, held, or applied to work performed. There is not a single allegation that the restoration obligations associated with temporary modifications under Section 5.03(c) was triggered, or that any provision of the Agreement or the First Amendment required Fermi to "restor[e] Bayonne's buildings to their pre-removal condition." Compl. ¶7 (Doc. 1). Because the contracts attached to the Complaint do not contain that obligation, and because the Complaint does not allege facts sufficient to invoke Section 5.03(c), Bayonne has failed to plausibly plead entitlement to the restoration-related damages and associated Daily Charges premised on the performance of such restoration work.

To survive dismissal under Fed. R. Civ. P. 12(b)(6), Bayonne's Complaint must contain "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."[1] Here, the Complaint does not allege a single factual element to support the only restoration obligation agreed to between the parties. The Complaint therefore fails to plausibly allege a contractual basis for Bayonne's restoration-related damages and any Daily Charges arising from its theory that Fermi was obligated to restore the facility to its "pre-removal condition." Fermi accordingly intends to move to dismiss those portions of the Complaint pursuant to Rule 12(b)(6).

Respectfully submitted,

Alicia Lipton

AL:hs

[1] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).