JONES WALKER

**Lauren Rose**
D: 305.679.5734
F: 305.679.5843
lrose@joneswalker.com

August 6, 2026

**Via ECF**

Honorable Julien Xavier Neals, U.S.D.J
United States District Court, District of New Jersey
Martin Luther King Building & Courthouse
50 Walnut Street
Newark, New Jersey 07102

Re: ***Bayonne Plant Holding, L.L.C., v. Fermi Equipment Holdco, LLC***
**Civil Action No. 2:26-cv-07904-JXN-JBC**

Dear Judge Neals:

Pursuant to the Court's Individual Rules and Procedure, Rule IV(A), Plaintiff, Bayonne Plant Holding, L.L.C. ("Bayonne"), respectfully submits this letter in response to the request for a pre-motion conference submitted by Defendant, Fermi Equipment Holdco, LLC ("Fermi"). This action arises from Fermi's breaches of the Equipment Purchase Agreement dated June 26, 2024 (the "EPA") and First Amendment to Equipment Purchase Agreement effective October 23, 2025 (the "First Amendment") (collectively, the "Agreements"). Complaint ¶¶ 6, 18 [Doc. 1]. Bayonne respectfully submits that based upon the claims as pleaded, and the law discussed below, Fermi's proposed motion should be denied.

Fermi's proposed motion rests on a fundamental misreading of both the Complaint and the Agreements. Rather than identify a pleading deficiency, Fermi attempts to recast Bayonne's claims as arising solely from Section 5.03(c) of the EPA and then asks the Court to adopt its preferred interpretation of the EPA and its Amendment while ignoring numerous other contractual provisions expressly identified in the Complaint and supporting the pleaded causes of action. Essentially, the pre-motion letter amounts to a request for the Court to decide the merits of this lawsuit by adopting Fermi's contract interpretation that is contrary to the facts in the Complaint.

The Complaint alleges multiple independent contractual obligations, multiple independent breaches, and resulting damages. To survive a FED. R. CIV. P. 12(b)(6) motion, Bayonne need only allege sufficient facts to state a claim that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In evaluating a motion to dismiss, the Court must accept the Complaint's factual allegations as true, draw all reasonable inferences in Bayonne's favor, and determine only whether Bayonne has plausibly alleged a claim for relief. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). Fermi's letter does not contend that Bayonne failed to plead the existence of the Agreements, Bayonne's performance, Fermi's breach, or resulting damages. Instead, it asks the Court to accept Fermi's preferred interpretation of the Agreements and reject Bayonne's pleaded and competing interpretation at the pleading stage. That presents a merits dispute concerning contract interpretation, not a basis for dismissal under Rule 12(b)(6).

## I. Fermi Misconstrues the Complaint and the Agreements

Under New Jersey law, a breach of contract claim requires allegations that" (1) "the parties entered into a contract containing certain terms;" (2) "plaintiff did what the contract required [the plaintiff] to do;" (3) "defendant did not do what the contract required [the defendant] to do;" and (4) "defendant's breach, or failure to do what the contract required, caused a loss to the plaintiff." *Woytas v. Greenwood Tree Experts, Inc.*, 237 N.J. 501, 512 (2019) (quoting *Globe Motor Co. v. Igdalev*, 225 N.J. 469, 482 (2016)). The Complaint satisfies each element. Bayonne plainly alleges the existence of the Agreements, Bayonne's performance of its obligations, Fermi's failure to perform numerous contractual obligations, and resulting damages exceeding $8 million. *See generally* Complaint ¶¶ 6, 18, 34, 37, 44, 55-60, 73-78.

Rather than address those allegations, Fermi rewrites the Complaint as asserting a single claim under Section 5.03(c) of the EPA. On that basis, Fermi argues that "the Complaint does not allege facts sufficient to invoke Section 5.03(c)" and therefore fails to plausibly plead entitlement to restoration related damages and Daily Charges. Doc. 10, p. 3. However, Bayonne expressly alleges that Fermi's obligations arise under "Sections 5.03(b), 5.03(c), 5.03(d), 5.03(f), and 6.03" of the Agreements. Complaint ¶ 37. Likewise, Bayonne's allegations are not limited to "restoration." Instead, the Complaint alleges that Fermi failed to remove purchased equipment, failed to remove debris and waste materials, failed to repair damage caused by its removal activities, abandoned the Site before completing its obligations, failed to reimburse Bayonne for completion and remediation costs, failed to pay Daily Charges and other invoices, and failed to indemnify Bayonne for resulting losses. Complaint ¶¶ 36-53, 58(a)-(f), 73-78. Fermi does not explain why those allegations fail to satisfy the elements for a breach of contract claim. Instead, it narrows the Complaint as to Section 5.03(c) alone, then misstates the plain language of the Agreements as it relates to the application of 5.03(c), the obligation to restore and the accrual of Daily Charges.

Fermi attempts to re-cast its own breaches of Section 5.03(c) as "contractual prerequisites" to liability.[1] But, Bayonne expressly pled a claim under 5.03(c), pleading specific examples of modifications to Bayonne's site,[2] and pleading that Fermi failed to satisfy its resulting restoration obligations. Complaint ¶¶ 7, 36, 37, 58(d). Whether Bayonne's interpretation and application of Section 5.03(c) ultimately prevails is not a question properly resolved on a Rule 12(b)(6) motion. Nor does Section 5.03(c) provide the sole basis for the damages sought. Contrary to Fermi's assertion, Section 5.03(d), as amended by the First Amendment, extends beyond restoration work and includes Fermi's obligations to remove Purchased Assets, debris, and waste materials, as well as Bayonne's resulting Seller's Completion Rights. *See* Complaint ¶¶ 22-23. Bayonne also expressly pleads entitlement to Daily Charges under Section 5.03(f), which provides that, if Fermi abandons its work before completing its obligations under Section 5.03(d), Daily Charges continue to accrue until Bayonne completes its exercise of those Seller's Completion

---

[1] Curiously, Fermi attempts to rely upon its *own* failure to follow procedures (i.e., a written modification request, a description of the proposed modifications, a good faith Estimated Restoration Cost, Seller's written consent, and a Restoration Deposit) to excuse its restoration obligations and associated damages. However, there can be no question that Fermi modified Bayonne's property – whether it sought permission to do so or not.

[2] Assuming there is a difference between a modification requiring restoration and damage requiring a repair (which is not conceded), examples of modifications to Seller's Site were expressly pled, *see* Complaint at ¶ 39; *see also id.* Exhibit C [Doc 1-4] (*e.g.*, unsealed wall penetration, guardrails/handrails incomplete where drums/equipment removed, duct penetrations, unsecured wiring, building heaters removed for Bay Crane access and not reinstalled, *etc.*).

Rights. Thus, Section 5.03(c) is not the sole basis for the Daily Charges, and Bayonne alleges independent contractual bases for those charges arising from Fermi's failure to complete its obligations under Sections 5.03(d) and 5.03(f).

**II. Fermi's Interpretation of the Agreements Cannot Be Resolved Under Rule 12(b)(6)**

In *Sandoz Inc. v. Sam's West, Inc.*, the court rejected a motion to dismiss premised on the defendant's interpretation of the parties' contract, holding that "questions of contract interpretation should not be decided without the benefit of discovery and a full evidentiary record" and concluding that the defendant's arguments were "better suited for summary judgment.". Civil Action No. 25-02001 (GC) (RLS), 2026 U.S. Dist. LEXIS 13627, at *14-15 (D.N.J. Jan. 26, 2026) (internal citations omitted). Likewise, in *Teva Pharmaceuticals USA, Inc. v. Biogen International GmbH*, the court refused to dismiss a breach claim where the defendant's motion depended upon its preferred interpretation of the contract, explaining "a party cannot secure the dismissal of a breach of contract claim based on an erroneous interpretation of the relevant part of the Contract." 753 F. Supp. 3d 358, 363 (D. N.J. 2024). The same principle applies here. The Agreements do not unambiguously establish that Section 5.03(c) is the sole source of the obligations alleged by Bayonne. At a minimum, the parties advance competing interpretations of the Agreements. Under *Sandoz* and *Teva*, that dispute is not appropriately resolved on a Rule 12(b)(6) motion because all reasonable inferences must be drawn in Bayonne's favor.

**III. The Agreements and the Parties' Conduct Refute Fermi's Interpretation**

Fermi's interpretation is also inconsistent with both the Agreements and the parties' conduct, which has been factually pleaded in support. The Complaint identifies multiple independent sources of Fermi's obligations. Section 5.03(b) requires Fermi to repair damage caused by its removal activities. Section 5.03(d) governs cleanup obligations and reimbursement of completion costs. The First Amendment establishes Seller's Completion Rights and continuing Daily Charges in the event of abandonment. Section 6.03 separately requires indemnification for losses arising from Fermi's breach or non-fulfillment of its contractual obligations.

The parties' conduct confirms that understanding. For example, Bayonne's punch-list communications identified numerous outstanding obligations that Fermi was required to complete before project close-out. *See* Complaint, Exhibit C [Doc 1-4]. Fermi never contended during performance that the punch-list items fell outside its contractual obligations, nor did it assert the narrow interpretation of Sections 5.03(c) and 5.03(d) advanced in its pre-motion letter. Indeed, Bayonne alleges that Fermi "did not dispute responsibility for these items." Complaint ¶ 40. That course of performance independently demonstrates why dismissal is inappropriate. As recognized in *Nissan Motor Acceptance Corp. v. Infiniti of Englewood, LLC*, allegations regarding waiver and the parties' conduct during performance can preclude dismissal where the parties dispute the meaning and operation of contractual provisions. Civil Action No. 18-17228, 2020 U.S. Dist. LEXIS 251131, at *17-19 (D.N.J. July 14, 2020).

For all of these reasons, Fermi's proposed motion does not identify a pleading deficiency. At most, it presents a disputed interpretation of the parties' agreements that is contradicted by the Complaint and the plain language of the Agreements cited therein, inconsistent with the parties' course of performance, and inappropriate for resolution under Rule 12(b)(6).

Respectfully submitted,

Lauren Rose